### W. W. GAITHER v. CHARLOTTE MOTOR CAR COMPANY.

(Filed 23 November, 1921.)

**1. Courts—Jurisdiction—Contracts—Waiver.**

A stipulation in a contract that requires future action thereon if any disagreement should arise, must be brought in a certain county wherein one of the parties resides, concerns the remedy created and regulated by law, C. S., 463 *et seq.*, the place of venue being within the discretion of the Legislature; and the principles upon which a defendant is deemed to have waived his right, after action commenced, by not demanding in writing in apt time a removal of the cause to its proper venue, has no application.

**2. Courts — Jurisdiction — Venue — Contracts — Statutes— Removal of Causes—Transfer of Causes.**

There is a difference between the venue of an action, the place of trial, and jurisdiction of the court over the subject-matter of the action, and the parties to a contract may not, in advance of any disagreement arising thereunder, designate a jurisdiction exclusive of others, and confine the trial thereto in opposition to the will of the Legislature expressed by the statutes on the subject, C. S., 463 *et seq.;* and a motion to remove a cause brought in the proper jurisdiction on the ground that the contract otherwise specified it, will be denied.

APPEAL from a judgment of *Ray, J.,* at June Term, 1921, of RICHMOND, on defendant's motion to remove the cause to MECKLENBURG.

The plaintiff is a resident of Richmond County, and the defendant a corporation engaged in business in Mecklenburg. The plaintiff and the defendant, on 26 January, 1920, entered into a written contract, by the terms of which the plaintiff, called the dealer, was to sell Hupmobiles for the defendant, called the distributor. The plaintiff deposited with the defendant $250, which was to be returned upon plaintiff's giving up the agency. The contract was terminated 1 January, 1921, and the plaintiff demanded the return of his money. In February, 1920, the plaintiff went to Chicago to assist the defendant in shipping cars, and remained there until the first day of April. The plaintiff alleged that the reasonable value of his services was $343. He brought suit to recover these two sums from the defendant. When the cause came on for hearing, the defendant made a motion for the removal of the cause to Mecklenburg. The motion was denied, and the defendant excepted and appealed.

The basis of the defendant's motion is the following stipulation in the contract: "In case of any disagreement between the distributor and the dealer, any action that may be taken against the distributor shall be brought in the city of Charlotte."

*Fred W. Bynum for plaintiff.*
*C. H. Gover for defendant.*

ADAMS, J.   The single question is whether this agreement is enforceable at the election of one party against the will of the other.   The argument of the defendant's counsel rests upon the contention that venue, unlike jurisdiction, is in the nature of a personal privilege, which may be waived by the parties, and that an antecedent agreement designating the place of trial is no more obnoxious to the provisions of the statute than is a waiver of the proper venue resulting from failure to object before the time of answering expires.   The counsel insists that this proposition is particularly sound where the agreement, as in this case, designates as the place of trial a county in which one of the parties resides.

At the outset we may say that the general policy of the courts is, to disregard contractual provisions to the effect that an action shall be brought either in a designated court or in a designated county to the exclusion of another court or another county in which the action, by virtue of a statute, might properly be maintained.   Several reasons may be assigned in support of this policy.   In the first place, stipulations of this kind concern the remedy, and the remedy is created and regulated by law.   The regulation of venue is a matter within the discretion of the Legislature.   At common law the place of trial was determined not so much by the residence of the parties as by the nature of the action, but the common-law regulation has been modified by statute.   Accordingly, the counties in which actions of the various classes may be brought are distinctly defined.   C. S., 463 *et seq.*   To permit parties to a contract to enforce a stipulation which purports definitely to fix the forum long before there is a cause of action would be to nullify the law and to substitute the will of the parties in its stead.   It is true that an action may be tried in a county not designated by the statute unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county; but the failure of the defendant to object, after the summons has been served and the complaint filed, bears faint resemblance to an agreement made, it may be, months or years before, and induced, perhaps, by necessity.   "Any citizen may, no doubt, waive the rights to which he may be entitled.   He cannot, however, bind himself in advance by an agreement which may be specifically enforced, thus to forfeit his rights at all times and on all occasions, whenever the case may be presented."   *Paper Co. v. Paper Co.,* 223 Mass., 8.

There is another objection.   Certainly there is a difference between venue and jurisdiction.   If venue signifies the place of trial and juris-

diction the power, right, or authority of the court to hear and determine a cause, it is somewhat difficult to understand why the practical effect of the agreement in question, if enforced, would not be to deprive the Superior Court of Richmond of its jurisdiction—not its jurisdiction of other actions of similar character, but its jurisdiction of this particular action, its jurisdiction of a cause which it has the legal right to determine. The purpose of this agreement is to limit jurisdiction of the action to the courts of Mecklenburg County. But if jurisdiction can be limited to one county, it may be limited to any other county. Parties cannot, by contract made in advance, oust the jurisdiction of the courts.

We refer to some of the decisions. A leading case on the subject under discussion is *Nute v. Ins. Co.,* 6 Gray, 174. Suit had been brought to recover on a policy of insurance, in which it was stipulated that the assured might, within four months after the determination of the loss, institute his action "at a proper court in the county of Essex," where the defendant conducted its business. The assured, within the four months prescribed, brought suit in the county of Suffolk, and the court of common pleas held that the action could not be maintained. In granting a new trial, *Chief Justice Shaw* said: "In cases recently determined, it has been held that a stipulation in a policy of insurance, or in a by-law constituting in legal effect a part of such policy, by way of condition to their liability, that no recovery shall be had unless a suit is commenced within a certain time limited, was a valid condition, and that, unless complied with, the plaintiffs were not entitled to recover. *Cray v. Hartford Fire Ins. Co.,* 1 Blatchf. C. C., 280; *Wilson v. Ætna Ins. Co.,* 27 Verm., 99. In this case it is strenuously insisted that a stipulation that an action shall be brought in a particular county, where by law it may be brought, is strictly analogous, and ought to be enforced as a condition precedent by a court which, without such stipulation and condition, would clearly have jurisdiction of the subject-matter and of the parties. . . . Upon the particular question here presented, the Court are of opinion that there is an obvious distinction between a stipulation by contract as to the time when a right of action shall accrue and when it shall cease, on the one hand, and as to the forum before which and the proceedings by which an action shall be commenced and prosecuted. The one is a condition annexed to the acquisition and continuance of a legal right, and depends on contract and the acts of the parties; the other is a stipulation concerning the remedy, which is created and regulated by law. Perhaps it would not be easy or practicable to draw a line of distinction precise and accurate enough to govern all these classes of cases, because the cases run so nearly into each other; but we think the general distinction is obvious.

The time within which money shall be paid, land conveyed, a debt released, and the like, are all matters of contract, and depend on the will and act of the parties; but in case of breach the tribunal before which a remedy is to be sought, the means and processes by which it is to be conducted, affect the remedy, and are created and regulated by law. The stipulation that a contracting party shall not be liable to pay money or perform any other collateral act before a certain time is a regulation of the right too familiar to require illustration; a stipulation that his obligation shall cease if payment or other performance is not demanded before a certain time seems equally a matter affecting the right. A stipulation that an action shall not be brought after a certain day or the happening of a certain event, although in words it may seem to be a contract respecting the remedy, yet it is so in words only; in legal effect it is a stipulation that a right shall cease and determine if not pursued in a particular way, within a limited time, and then it is a fit subject for contract, affecting the right created by it.

But the remedy does not depend on contract, but upon law, generally the *lex fori*, regardless of the *lex loci contractus,* which regulates the construction and legal effect of the contract. *Hall v. Ins. Co.,* 6 Gray, 185; *Amesbury v. Ins. Co., ib.,* 596. In *Matt v. Aid Association,* 81 Iowa, 135, where action was brought in another county of the same state in which the county specified was situated, the Court held that "a condition in the contract limiting the venue or place where the action shall be brought is invalid."

We have said that the agreement, if enforced, would empower the defendant, contrary to the will of the Legislature, to choose the courts in which its case should be tried, and thereby deprive of jurisdiction one of the courts authorized to hear the cause. The overwhelming weight of authority is against the exercise of such right. *Paper Co. v. Paper Co., supra; Life Asso. v. Woolen Mills,* 27 C. C. A., 212; *Bartlett v. Ins. Co.,* 46 Me., 500; *Shipping Co. v. Lehmann,* 5 L. R. A., 464. In *Rea's Appeal,* 13 W. N. C. (Pa.), 546, it was held that a clause in a trust agreement restricting the jurisdiction to the court of a certain county was entirely without effect, that jurisdiction was not thereby conferred upon the court of the county named and that the jurisdiction of courts designated by law was not thereby ousted. We are not inadvertent to the fact that there are cases apparently maintaining the contrary doctrine. Some of them are cited in the brief of the defendant's counsel; but upon examination it will be seen that the apparent lack of uniformity may generally be found in the difference between provisions that are statutory and those that are contractual. For the reasons given, we hold that there is no error in the ruling of his Honor. The judgment is therefore

Affirmed.