**FIREMAN'S FUND AMERICAN INSUR-
ANCE COMPANIES, Plaintiff,
Appellant,**

v.

**PUERTO RICAN FORWARDING CO.,
INC., Defendant, Appellee.**

No. 73–1287.

United States Court of Appeals,
First Circuit.

Argued Feb. 6, 1974.

Decided March 13, 1974.

Jose Antonio Fuste, San Juan, P. R., with whom Jimenez & Fuste, San Juan, P. R., was on brief, for plaintiff, appellant.

Maria Josefa Fornaris, Hato Rey, P. R., for defendant, appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Appellant brought this subrogation action against Puerto Rican Forwarding Co., Inc. (Forwarding) in the District Court for the District of Puerto Rico. The court granted summary judgment dismissing the action for lack of jurisdiction, holding that a choice-of-forum clause in the bill of lading which Forwarding had issued to appellant's insured restricted any actions thereunder to federal or state courts located in the City of New York. Appellant contends that summary judgment was inappropriately granted because there existed a genuine issue of material fact, namely, whether Forwarding's bill of lading governed the shipment of the goods involved in this case. Appellant further contends that even if Forwarding's bill of lading did apply, the choice-of-forum clause therein should be held invalid. We reject both contentions.

The facts are as follows. Defendant-appellee Forwarding operates within the shipping market as a non-vessel operating common carrier by water (NVOCC). An NVOCC consolidates small lots into a single container for various small shippers, and then tenders the consolidated full containerload to an equipment-owning carrier for the actual physical transportation of the goods. For purposes of this appeal, the important point about an NVOCC is that although it may not own the ships on which its customers' goods are physically transported, it nevertheless is the "carrier" responsible for the through transportation of such goods, including the water portion. As the carrier, an NVOCC issues its own bill of lading to each small shipper that employs its services, describing the goods for whose transportation it will be held responsible. When the NVOCC in turn employs a water carrier for the actual transport of a consolidated containerload of goods belonging to several shippers, the water carrier issues to the NVOCC a single bill of lading usually describing the shipment in general terms as a trailerload of mixed commodities. *See generally* Federal Maritime Comm'n, Preliminary Staff Report on Non-Vessel Operating Common Carriers by Water (1970).

In the instant case, appellant's insured, Serrano & Co., Inc., contracted to ship shoes through Forwarding, which then issued its bill of lading containing the choice-of-forum clause. In this clause, the shipper and NVOCC agreed that any action under the bill of lading was to be brought only in a court located in New York City, to the exclusion of any and all other courts. Forwarding thereafter included the Serrano shoes in shipments transported aboard the SS. PONCE DE LEON and/or the SS. ERIC K. HOLZER, both of which are owned by Transamerican Trailer Transport. Transamerican issued bills of lading to Forwarding with respect to both shipments. These bills of lading contained no choice-of-forum clauses. When the goods arrived at their destination, three cartons of shoes valued at $670.37 were missing. Appellant paid a claim in this amount under Serrano's marine insurance policy and brought this subrogation action against Forwarding.

The district court assumed that the shoes were shipped under the bill of lading which Forwarding issued to Serrano. The court said that appellant ad-

mitted this point in its complaint. Appellant contends that it made no such admission, but instead disputed the very point in a later memorandum it filed in response to Forwarding's motion to dismiss. Appellant argues that the shoes were shipped under the bills of lading which Transamerican issued to Forwarding on the theory that Transamerican effected the actual water carriage of the shoes. Because this dispute as to a material "fact" existed, appellant contends that summary judgment could not properly be granted.

However, regardless of whether appellant admitted the matter or not, we find that there was no genuine issue of material fact which prevented the court from granting summary judgment. On the undisputed set of underlying facts, the question of whose bill of lading the shoes were shipped under is one of law, not fact. As to this question, we think it is clear from the foregoing description of an NVOCC and its role in the shipping market that the shoes were shipped under the Forwarding bill of lading, because Forwarding, not Transamerican, was the party responsible to Serrano for the through shipment. To be sure, Forwarding's choice of Transamerican to carry out the water carriage portion of the shipment represented a part of its obligation to Serrano. But the Transamerican bills of lading issued to Forwarding had no bearing on Serrano's or appellant's rights with respect to the shoes. Indeed, appellant seemingly recognized this point in bringing action against Forwarding rather than Transamerican. Its contrary argument at this stage seems simply an effort to evade the terms of the choice-of-forum clause.[1]

Appellant's alternative contention that the choice-of-forum clause should be held invalid also lacks merit. Appellant cites Indussa Corp. v. S.S. Ranborg, 377 F.2d 200 (2d Cir. 1967), as standing for the proposition that the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et seq. (1970), invalidates all choice-of-forum clauses to which it applies. However, the actual holding in *Indussa* was that a choice-of-forum clause which restricted adjudication of claims under the Act to *foreign* courts only was invalid under § 3(8), 46 U.S. C. § 1303(8), because of the possibility that foreign courts would lessen the liability of the carrier. 377 F.2d at 204. A key factor behind the court's holding was that there was no assurance that a foreign court would apply the Carriage of Goods by Sea Act in the same way as an American court subject to the uniform control of the Supreme Court. *Id.* at 203–204. That reasoning does not apply here, where the choice-of-forum clause restricts appellant not to a foreign court but to another American court.

At least where the special factors in *Indussa* are not present,[2] the normal rule with respect to choice-of-forum clauses is that they should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances. The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Aetna Ins. Co. v. The Satrustegui, 171

---

1. We note that appellant did not even bother to introduce the Transamerican bills of lading into evidence, despite its claim that the shoes were shipped under them. Presumably, these bills of lading were written in general terms, describing the shipment from Forwarding simply as a trailerload of mixed commodities. Federal Maritime Comm'n, *supra* at 2.

2. Although the Supreme Court has acknowledged the *Indussa* decision and has not formally rejected it, *see* The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 n. 11, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), several passages in the Bremen opinion cast some doubt on the underlying rationale of *Indussa. See, e. g.,* 407 U.S. at 9, 92 S.Ct. at 1912 ("The expansion of American business and industry will hardly be encouraged if, notwithstanding solemn contracts, we insist on a parochial concept that all disputes must be resolved under our laws and in our courts.") *See also* Roach v. Hapag-Lloyd, 358 F.Supp. 481 (N.D.Cal.1973); The Supreme Court, 1971 Term, 86 Harv.L.Rev. 1, 62 (1972).

F.Supp. 33, 35 (D.P.R.), vacated in part, 174 F.Supp. 934 (D.P.R.1959). To establish that a particular choice-of-forum clause is unreasonable, a resisting party must present evidence of fraud, undue influence, overweening bargaining power or such serious inconvenience in litigating in the selected forum that it is effectively deprived of its day in court. *See* The Bremen v. Zapata Off-Shore Co., *supra*, 407 U.S. at 12–19, 92 S.Ct. 1907. Appellant made no showing of any of these factors, and it is doubtful that it could. We recognize that a relatively small amount is at issue. However, it also appears that appellant already maintains offices in New York, and in addition may not have to pay the cost of witnesses traveling from Puerto Rico to New York because the matter could well be tried by deposition. In any event, it was appellant's duty to establish these matters and it completely failed to do so. *See* Central Contracting Co. v. Maryland Cas.Co., 367 F.2d 341, 345 (3d Cir. 1966).

Affirmed.