**ANASTASI BROTHERS CORPORATION**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY.**

Civ. A. No. 81–1359.

United States District Court,
E. D. Pennsylvania.

Aug. 10, 1981.

Stuart J. Agins, Malis, Tolson & Malis, Philadelphia, Pa., for plaintiff.

Glenn S. Gitomer, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

Defendant, St. Paul Fire & Marine Insurance Company (hereinafter "St. Paul"), a corporation with its principal place of business in Minnesota, seeks dismissal of the action instituted by the plaintiff, Anastasi Brothers Corporation (hereinafter "Anastasi"), a corporation with its principal place of business in Philadelphia, Pennsylvania, on the ground that venue in the Eastern District of Pennsylvania is improper, as it violates the forum selection clause of the parties' contract. Anastasi maintains that the contract should be disregarded in favor of 28 U.S.C. § 1391 (1976) and that thereunder Pennsylvania venue is proper.

Anastasi commenced this action to recover the amount it claims is due under two construction payment bonds. St. Paul issued the bonds to its principal, Alba-HRH Joint Venture II, to secure a construction contract. Anastasi performed the masonry work for the construction project and now seeks payment for the work it completed.

In part, the bonds state that:

No suit or action shall be commenced hereunder by any claimant

(c) Other than in a State court of competent jurisdiction in and for the county of the State in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated and not elsewhere.

Since the construction situs was in Newark, Essex County, New Jersey, the defendant claims that proper venue lies only with the District of New Jersey and it seeks dismissal or, in the alternative, transfer there.

Compliance with forum selection clauses has been upheld by both the United States Supreme Court and the Third Circuit Court of Appeals. In *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Court held that forum selection clauses should be enforced unless "trial in the contractual forum will be so gravely difficult and inconvenient that he [the party seeking the non-contractual forum] will for all practical purposes be deprived of his day in court." *Id.* at 18, 92 S.Ct. at 1917. A heavy burden of proving serious hardship rests upon the party seeking to avoid the contractual forum.

In *Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341 (3d Cir. 1966), the Third Circuit followed Pennsylvania law on this very subject. *See Central Contracting Co. v. C. E. Youndahl & Co.*, 418 Pa. 122, 209 A.2d 810 (1965). In construing a clause similar to the one in the present case, the court stated that "a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is

not unreasonable at the time of litigation." 367 F.2d at 344 (quoting *Central Contracting Co. v. C. E. Youngdahl & Co.*, 418 Pa. 122, 133, 209 A.2d 810, 816 (1965)). The court stated that a choice of forum provision is unreasonable only if "its enforcement would, under all circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue his cause of action. Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things." 367 F.2d at 344 (quoting *Central Contracting Co. v. C. E. Youngdahl & Co.*, 418 Pa. at 133–34, 209 A.2d at 816).

 Here, Anastasi has failed to show that by proceeding in the District of New Jersey effectively it will be deprived of its day in court. Neither has it shown that proceeding in the District of New Jersey will be unreasonable at the time of litigation. It asserts that (1) most of its witnesses and evidence are located in or near Philadelphia; (2) the District Court for the Eastern District of Pennsylvania has subpoena power over residents of New York City and New Jersey, where other witnesses are located; (3) it will not be necessary, at the time of trial, for the factfinder to visit the site of the project in New Jersey; and (4) neither the plaintiff's nor the defendant's principal place of business is in New Jersey. Neither reason is compelling.

Plaintiff will encounter no more difficulty in bringing the suit in New Jersey than in Philadelphia. The District Court of New Jersey is only a short distance from Philadelphia and it would not be burdensome on those witnesses residing in Philadelphia to travel to New Jersey for the trial. Presumptively, New Jersey was convenient to plaintiff for purposes of its construction work. Further, the District Court of New Jersey has the same 100 mile subpoena power, pursuant to Fed.R.Civ.Pro. 45(e)(1) over Philadelphia residents that the District Court for the Eastern District of Pennsylvania has over New Jersey and New York City residents. For exercise of subpoena power, it is noted that a forum in New Jersey is closer to New York than is any forum in the Eastern District of Pennsylvania. Thus, requiring the plaintiff to bring the suit within the jurisdiction stipulated in the payment bonds will not impose an unreasonable burden upon the plaintiff or effectively prevent it from maintaining or prosecuting the action.

This is especially true considering that it is undisputed that the construction contracts were performed in New Jersey; the bonds were executed in New York and countersigned in New Jersey; records concerning the construction are located in New Jersey and New York; witnesses having information concerning the construction are located in New Jersey and New York; plaintiff's home office is within one hundred miles of Newark, New Jersey, and the construction site; and two other parties, both of which are located in New Jersey, may be joined as third-party defendants. These factors indicate that the forum stipulated by agreement of the parties, the District of New Jersey, is not an inconvenient forum in which to raise this cause of action.

Therefore, because the plaintiff has failed to meet its burden of showing that litigation in the agreed upon forum would not effectively deprive it of its day in court, as required by *The Bremen*, or that it would be unreasonable at the time of litigation, as required by *Central Contracting*, the defendant's motion to dismiss is granted.