LFC LESSORS, INC., Plaintiff,

v.

Milo PEARSON d/b/a Grafik Services, A Division of Specialty Sales, Defendant.

Civ. A. No. 83–1067–C.

United States District Court, D. Massachusetts.

May 30, 1984.

Joseph Stephen Provanzano, Hayt, Hayt & Landau, Lynnfield, Mass., for plaintiff.

Milo Pearson, pro se.

James M. Dean, Salt Lake City, Utah, Patrick P. Dinardo, Sullivan & Worcester, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by LFC Lessors, Inc. ("LFC"), a Massachusetts corporation, against Milo Pearson, an individual doing business as Grafik Services, Division of Specialty Sales, located in Utah. Plaintiff alleges that defendant is in default with respect to an equipment lease agreement between the two parties. The case is before this Court on defendant's motion to dismiss, or, in the alternative, to quash service. Both motions are based on this Court's alleged lack of jurisdiction over the defendant.

Plaintiff bears the burden of proving that the Court has personal jurisdiction over the defendant. *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904 (1st Cir.1980). The Court may consider affidavits relevant to the question of jurisdiction. *Jackson v. Sargent*, 394 F.Supp. 162, 165 n. 1 (D.Mass.1975). In this case, both parties have submitted affidavits. When considering a motion to dismiss, the Court must treat the facts contained in plaintiff's complaint and affidavits as true. Furthermore, it must resolve any dispute in the facts in favor of the plaintiff. *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 663 (1st Cir.1972). For the purposes of this motion, the following facts are taken as true.

Defendant's company obtains and sells advertising specialties. In the spring of 1982, defendant was contacted by representatives of AM Varityper, a company doing business in Utah. The AM Varityper representatives and defendant discussed the possibility of the defendant's purchasing certain graphic equipment. These negotiations took place in Utah. Defendant was informed that AM Varityper regularly financed sales through LFC, a Massachusetts corporation. An agent of the defendant contacted plaintiff LFC at its Boston office. They arranged that the plaintiff would purchase the equipment from AM Varityper and would rent the equipment to the defendant.

Plaintiff sent its standard form rental agreement to the defendant in Utah. The defendant signed the agreement and sent it back to the plaintiff's office in Boston. The contract was a five year lease, requiring defendant to make sixty monthly payments. The agreement also contained the following clause:

> This Agreement shall be considered to be a MASSACHUSETTS contract and shall be deemed to have been made in Suffolk County, Massachusetts, regardless of the order in which the signatures of the parties shall be affixed hereto, and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the law, and in the courts, of the Commonwealth of Massachusetts.

Defendant asserts that the choice of law and choice of forum provisions were not called to his attention, or discussed with him. Defendant further contends that he did not negotiate with LFC regarding the terms and conditions of the lease, and that this was the first personal property lease transaction with which he has ever been involved.

Defendant made four payments pursuant to the lease agreement. Thereafter, he failed to make the required payments. LFC repossessed the equipment and relocated it to the offices of another graphics

**1364**

company in Utah. Plaintiff then brought this lawsuit to collect the balance due on its lease agreement with defendant. Plaintiff alleges that this Court has jurisdiction over defendant as a result of the choice of law and choice of forum provisions contained in LFC's boilerplate rental contract.

In *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the United States Supreme Court espoused the modern view that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. at 10, 92 S.Ct. at 1913. The standard in the First Circuit is that

> [t]o establish that a particular choice-of-forum clause is unreasonable, a resisting party must present evidence of fraud, undue influence, overweening bargaining power or such serious inconvenience in litigating in the selected forum that it is effectively deprived of its day in court.

*Fireman's Fund Amer. Inc. Cos. v. Puerto Rican Forwarding Co., Inc.,* 492 F.2d 1294, 1297 (1st Cir.1974). Similar standards are regularly applied in a number of other circuits. *See, e.g., Mercury Coal & Coke, Inc. v. Mannesmann Pipe and Steel Corp.,* 696 F.2d 315 (4th Cir.1982); *Crown Beverage Co., Inc. v. Cerveceria Moctezuma, S.A.,* 663 F.2d 886 (9th Cir.1981).

■ Defendant's principal argument is that the forum provisions should not be enforced because they were not the result of equal bargaining. Defendant describes himself as a person who is not generally conversant with contracts of this kind. He points out that the lease agreement was a standard form contract, and that the boilerplate form language was in small print at the bottom of a page. Defendant attests that the forum provisions were not called to his attention or discussed with him. Though defendant does not state as much in his affidavit, it appears that the forum language was not reviewed by his counsel. Defendant characterizes the lease agreement as an adhesion contract and urges

this Court not to give effect to forum provisions contained in this type of contract.

The record shows that plaintiff is a sophisticated corporation doing business in many states across the country. As a company offering desirable products and services nationwide, plaintiff arguably possesses superior bargaining power. However, defendant is not an unsophisticated consumer, but a businessman. Defendant does not assert that plaintiff coerced him into signing the agreement, or that he was grudgingly forced to accept plaintiff's terms.

Plaintiff admits that it would not have entered into the lease agreement if defendant had not assented to the forum provisions. However, plaintiff's insistence on maintaining certain contract terms in its lease agreements does not in itself establish that plaintiff possesses overweening bargaining power. Plaintiff's desire to maintain such forum provisions in its contracts is reasonable, given that plaintiff does business throughout the country. Forum provisions designating that Massachusetts law applies to all disputes arising from the contract and that Massachusetts courts have jurisdiction over all disputes will keep plaintiff from the undesirable position of having to defend or institute lawsuits in courts all over the United States; it will also promote uniformity of result. It is not unlawful for a business person to drive a hard bargain so as to attain for himself the best possible deal, and that is what plaintiff appears to have done in this case.

■ The defendant complains that the forum provisions were not pointed out to him or discussed with him. However, the defendant is a businessman and he signed the contract. Because of this, the Court is unwilling to conclude that defendant could not have read and understood the relatively simple and unambiguous language of the forum provisions. *See, e.g., Murray v. Cunard S.S. Co., Ltd.,* 235 N.Y. 162, 166, 139 N.E. 226 (1923). Significantly, in his affidavits, defendant does *not* assert that he

did not read the provisions or that he did not understand their meaning.

Accordingly, I rule that plaintiff does not possess the "overweening bargaining power" necessary to establish that the forum provisions are unreasonable.

 Defendant further contends he would suffer serious inconvenience should this Court decide to enforce the LFC forum clause. Defendant asserts that it would be fundamentally unfair to require him to come into Massachusetts (which he has never done before) to defend a lawsuit based on a contract which was negotiated, entered into, and performed in Utah, particularly when all the witnesses for either party are located in Utah. Defendant claims that the expenses of defending this lawsuit in Massachusetts would have a devastating impact on the defendant and his business.

The factors cited by defendant would clearly be relevant to a motion to transfer this case to a district court in Utah; in fact, they would weigh heavily in favor of such a transfer. The matter presently before this Court, however, is a motion to dismiss. To succeed on his motion to dismiss, the defendant must show that he would suffer "such serious inconvenience in litigation in the selected forum that [he] is effectively deprived of [his] day in court." *Fireman's Fund Amer. Ins. Cos. v. Puerto Rican Forwarding Co., Inc.*, 492 F.2d at 1297. The added time and expense of litigating in Massachusetts described by defendant falls far short of meeting this standard. *See, e.g., D'Antuono v. CCH Computax Systems, Inc.*, 570 F.Supp. 708, 713–14 (D.R.I. 1983). Accordingly, I rule that upholding the forum provisions would not be unreasonable and that defendant's motion to dismiss should be denied.

Order accordingly.