JACK PERKINS, CPA v. CCH COMPUTAX, INC.

No. 185PA92

(Filed 18 December 1992)

**Venue § 1 (NCI3d)— forum selection clause—out-of-state defendant—valid**

A forum selection clause in a software purchase contract which specified Los Angeles, California as the forum for any related action was valid. Recognizing the validity and enforceability of forum selection clauses in North Carolina is consistent with the North Carolina rule that recognizes the validity and enforceability of choice of law and consent to jurisdiction provisions. A plaintiff who executes a contract that designates a particular forum for the resolution of disputes and then files suit in another forum seeking to avoid enforcement of a forum selection clause carries a heavy burden and must demonstrate that the clause was the product of fraud or unequal bargaining power or that enforcement of the clause would be unfair or unreasonable. Language in *Gaither v. Motor Co.*, 182 N.C. 498, is disavowed to the extent that it can be read to condemn forum selection clauses as depriving North Carolina courts of jurisdiction. The trial court retains the authority to hear the case when it determines that the forum selection clause was the product of fraud or unequal bargaining power or that the clause would be unfair or unreasonable.

**Am Jur 2d, Venue §§ 7, 8.**

**Validity of contractual provision limiting place or court in which action may be brought. 31 ALR4th 404.**

Justice MITCHELL dissenting.

Justices FRYE and WEBB join in this dissenting opinion.

On discretionary review of a decision of the Court of Appeals, 106 N.C. App. 210, 415 S.E.2d 755 (1992), affirming the order entered by Jenkins, J., on 21 October 1991 in Superior Court, Wake County. Heard in the Supreme Court 2 November 1992.

PERKINS v. CCH COMPUTAX, INC.

[333 N.C. 140 (1992)]

*Law Offices of J. Kenneth Edwards, by J. Kenneth Edwards, for plaintiff-appellee.*

*Patton, Boggs & Blow, by Kenneth J. Gumbiner and Julie A. Davis, for defendant-appellant.*

MEYER, Justice.

In this case, we address the question left unanswered by this Court in *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 414 S.E.2d 30 (1992), and decide the validity of a forum selection clause contained in a contract for the purchase of software, executed by the parties, Jack Perkins, CPA, and CCH Computax, Inc. Defendant, CCH Computax, contends that the Court of Appeals erred in concluding that forum selection clauses were unenforceable in North Carolina. We agree and therefore reverse the Court of Appeals.

Plaintiff is a certified public accountant and practices in Raleigh, North Carolina. Defendant is a California software company located in Torrance, California. On 2 February 1990, plaintiff, Jack Perkins, CPA, and defendant, CCH Computax, Inc., entered into a license and service agreement for a computer software program. Plaintiff paid $700.00 for the software.

The contract executed by plaintiff and defendant contains the following pertinent language:

D. This Agreement shall be governed by and interpreted in accordance with the law of the State of California.

E. This Agreement shall be treated as though it were executed in the County of Los Angeles, State of California, and were to have been performed in the County of Los Angeles, State of California. Any action relating to this Agreement shall only be instituted and prosecuted in courts in Los Angeles County, California. Customer/Licensee [plaintiff] specifically consents to such jurisdiction and to extraterritorial service of process.

Paragraph D is a choice of law clause that we have recently addressed and found to be valid in North Carolina. *Rouse*, 331 N.C. 88, 414 S.E.2d 30. Paragraph E contains both a consent to jurisdiction clause, which we also found valid in *Rouse*, and a forum selection clause, which we did not address in *Rouse*.

PERKINS v. CCH COMPUTAX, INC.

[333 N.C. 140 (1992)]

Plaintiff and defendant also entered into three other service agreements, each of which is two pages in length. Each of these three service agreements, initialled by plaintiff, contains a forum selection clause requiring the prosecution of actions arising from the agreements to be instituted in the courts of Los Angeles County, California.

On 13 May 1991, plaintiff filed a complaint in Wake County District Court seeking damages from defendant for unfair and deceptive trade practices, breach of warranty of merchantability, breach of implied warranty of fitness, breach of express warranty, negligence, and breach of contract. On 10 July 1991, defendant, relying in part on the forum selection clause contained in its contract with plaintiff, filed a motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b) on the grounds that there was a lack of subject matter jurisdiction, that the action was brought in an improper venue, and that the complaint failed to state a claim upon which relief can be granted. On 13 August 1991, the case was transferred to Wake County Superior Court. On 29 August 1991, plaintiff amended his complaint, stating an additional cause of action for fraud. On 21 October 1991, the trial court entered an order denying defendant's motion to dismiss.

The Court of Appeals affirmed the trial court, reasoning that this Court in *Gaither v. Motor Co.*, 182 N.C. 498, 109 S.E. 362 (1921), had previously addressed the question of whether parties may select the forum for an action by agreement. The Court of Appeals reasoned that despite numerous developments in the law regarding forum selection clauses, it was without authority to overrule this Court's decision in *Gaither*. *Perkins*, 106 N.C. App. at 214, 415 S.E.2d at 758.

Defendant contends that, contrary to the Court of Appeals' decision, *Gaither* is not controlling here. We agree. The Court in *Gaither* did consider a choice of forum clause; however, it dealt solely with venues within North Carolina. The Court refused to enforce a provision in a contract entered into by a car dealer located in Richmond County and a distributor located in Mecklenburg County which provided that "any action that may be taken against the distributor shall be brought in the city of Charlotte." *Gaither*, 182 N.C. at 498, 109 S.E. at 363. The Court in *Gaither* reasoned that "the general policy of the courts is to disregard contractual provisions to the effect that an action shall be brought

PERKINS v. CCH COMPUTAX, INC.

[333 N.C. 140 (1992)]

either in a designated court or in a designated county to the exclusion of another court or another county in which the action, *by virtue of a statute*, might properly be maintained." *Id.* at 499, 109 S.E. at 363 (emphasis added). The *Gaither* decision is correct on its facts but is distinguishable from this case. There is a difference between attempting to fix the venue by contract within the State of North Carolina, where the North Carolina legislature provides for venue in all cases (chapter 1, subchapter IV, "Venue," article 7 of the North Carolina General Statutes), and attempting to fix the venue by contract in another state. *Gaither* involved an attempt to fix the venue within North Carolina in contravention of the North Carolina statutory provisions on venue. In this case, the parties agreed by contract to change the venue to another state, and there are no statutory provisions in North Carolina which provide that venue cannot be changed to another state by contract.

The question of whether forum selection clauses that purport to fix the venue of an action in another state are enforceable in North Carolina is one of first impression. Historically, forum selection clauses have not been favored in American courts. Courts refused to enforce these bargained-for agreements, believing them to be "contrary to public policy" or improper attempts to "oust the jurisdiction" of the court. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9, 32 L. Ed. 2d 513, 520 (1972); Francis M. Dougherty, Annotation, *Validity of Contractual Provision Limiting Place or Court in Which Action may be Brought*, 31 A.L.R.4th 404, 409 (1984).

Contrary to the assertion of the dissent, honoring forum selection clauses in contracts will *not* "allow private parties to determine whether North Carolina's courts will exercise their jurisdiction over cases involving citizens of this state." Generally, courts no longer view forum selection clauses as ousting the courts of their jurisdiction. Forum selection clauses do not deprive the courts of jurisdiction but rather allow a court to refuse to exercise that jurisdiction in recognition of the parties' choice of a different forum. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 12, 32 L. Ed. 2d at 521 (the contention that forum selection clauses oust the courts of jurisdiction "is hardly more than a vestigial legal fiction"); *Smith, Valentino & Smith, Inc. v. Superior Court*, 17 Cal. 3d 491, 495, 551 P.2d 1206, 1208, 131 Cal. Rptr. 374, 376 (1976) (parties may not deprive courts of their jurisdiction by private agreement, but courts possess discretion to decline to exercise jurisdiction where parties have chosen a different forum); *Funding*

**PERKINS v. CCH COMPUTAX, INC.**

[333 N.C. 140 (1992)]

*Sys. Leasing Corp. v. Diaz*, 34 Conn. Supp. 99, 101, 378 A.2d 108, 109 (1977) (forum selection clauses are no longer seen as affecting the jurisdiction of the courts; a court retains the right to hear the case but is not bound to exercise that right); *Manrique v. Fabbri*, 493 So. 2d 437, 439-40 (Fla. 1986) (forum selection clauses do not oust courts of their jurisdiction but provide them with a reason not to exercise that jurisdiction). While *Gaither* was a case involving "venue" as opposed to "jurisdiction" and can be distinguished on that basis from the present case, as we have done, there is language in *Gaither* that blurs the two concepts. To the extent that the language in *Gaither* can be read to condemn forum selection clauses as depriving North Carolina courts of jurisdiction, that language is disavowed. *Gaither*, 182 N.C. at 500, 501.

In recent years, there has been an abundance of state and federal cases enforcing forum selection clauses. The leading case in this area is *Bremen*. In *Bremen*, the United States Supreme Court enunciated a standard for the enforceability of forum selection clauses. The Court held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. at 10, 32 L. Ed. 2d at 520. The Court further held that the forum selection clause in the contract should be enforced "absent a strong showing that it should be set aside . . . [, a] show[ing] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 15, 32 L. Ed. 2d at 523. Additionally, the Court held that a forum selection clause should be invalid if enforcement would "contravene a strong public policy of the forum in which suit is brought." *Id.* Although *Bremen* is an admiralty case, its holding with regard to forum selection clauses has been the basis for numerous federal and state court opinions not involving admiralty. *See Mercury Coal & Coke v. Mannesman Pipe & Steel*, 696 F.2d 315, 318 (4th Cir. 1982); *In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir. 1979); *Fireman's Fund American Ins. Cos. v. Puerto Rican Forwarding Co.*, 492 F.2d 1294, 1296-97 (1st Cir. 1974); *Anastasi Bros. Corp. v. St. Paul Fire & Marine Ins. Co.*, 519 F. Supp. 862, 863 (E.D. Pa. 1981); *Smith, Valentino & Smith, Inc. v. Superior Court*, 17 Cal. 3d 491, 495, 551 P.2d 1206, 1208, 131 Cal. Rptr. 374, 376;[1]

---

1. As we have noted, the contract at issue in this case contains a clause that provides that the agreement "shall be governed by and interpreted in accord-

**PERKINS v. CCH COMPUTAX, INC.**

[333 N.C. 140 (1992)]

*Dyersburg Mach. Works, Inc. v. Retenbach Eng'g Co.,* 650 S.W.2d 378 (Tenn. 1983); *Paul Business Sys. v. Canon U.S.A., Inc.,* 240 Va. 337, 341, 397 S.E.2d 804, 807 (1990).

Plaintiff here is not the first software purchaser to attempt to overcome a forum selection clause in a contract entered into with CCH Computax. There are two federal cases of particular interest which involve CCH Computax as defendant and follow the *Bremen* line of reasoning with regard to the forum selection clauses that were contained in the respective contracts. In *Hoffman v. Burroughs Corp. & CCH Computax Sys., Inc.,* 571 F. Supp. 545 (N.D. Tex. 1982), the United States District Court for the Northern District of Texas transferred an action filed in Texas to the United States District Court for the Southern District of California because the parties had agreed in the license agreement to litigate in San Diego. The court in *Hoffman,* applying the *Bremen* standard, held that the forum selection clause should be enforced because the inclusion of the clause was not the result of fraud; the plaintiffs were experienced businessmen who could read; and because CCH Computax was based in San Diego, trial in California was at least as convenient for the action as Texas. *Id.* at 549-50. In *D'Antuono v. CCH Computax Sys., Inc.,* 570 F. Supp. 708 (D. R.I. 1983), the United States District Court for the District of Rhode Island applied the law as set out in *Bremen* and subsequent cases and recognized that in applying the *Bremen* standard, federal courts have "synthesized and refined" the rule. *Id.* at 712. The court in *D'Antuono* adopted a totality of the circumstances approach and held that the plaintiff fell "far short" of carrying his burden of demonstrating that the forum selection clause was unreasonable. *Id.* at 715.

Recently, the Virginia Supreme Court upheld the validity of a forum selection clause and stated that in doing so it was embracing the modern view. *Paul Business Sys. v. Canon U.S.A., Inc.,* 240 Va. at 341, 397 S.E.2d at 807. Relying on *Bremen* and its progeny, the court adopted a more simplified and restrictive test which requires a greater showing to invalidate a forum selection

---

ance with the law of the State of California." We have held such choice of law provisions to be valid in North Carolina. *Johnston County v. R.N. Rouse & Co.,* 331 N.C. 88, 414 S.E.2d 30. Assuming California law were to apply to this case, we observe that the California Supreme Court has held that forum selection clauses are valid absent a showing that enforcement would be unreasonable. *Smith, Valentino & Smith, Inc.,* 17 Cal. 3d at 495-96, 551 P.2d at 1208-09, 131 Cal. Rptr. at 376-77.

clause than *Bremen* initially enunciated. The court held that the plaintiff, who did not contend that the clause at issue was the product of fraud or unequal bargaining power, had failed to establish that enforcement of the forum selection clause would be "unfair or unreasonable." *Id.* at 343, 397 S.E.2d at 808. The court reasoned that its view "comports with traditional concepts of freedom of contract and recognizes the present nationwide and worldwide scope of business relations which generate potential multi-jurisdictional litigation." *Id.* at 342, 397 S.E.2d at 807.

Plaintiff contends that enforcement of forum selection clauses would contravene the public policy of North Carolina. We disagree. Recognizing the validity and enforceability of forum selection clauses in North Carolina is consistent with the North Carolina rule that recognizes the validity and enforceability of choice of law and consent to jurisdiction provisions. *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 414 S.E.2d 30. For the foregoing reasons, we embrace the modern view and hold that forum selection clauses are valid in North Carolina. A plaintiff who executes a contract that designates a particular forum for the resolution of disputes and then files suit in another forum seeking to avoid enforcement of a forum selection clause carries a heavy burden and must demonstrate that the clause was the product of fraud or unequal bargaining power or that enforcement of the clause would be unfair or unreasonable. The dissent argues that this Court's decision in this case "place[s] tens of thousands of our citizens at the mercy of those who will take advantage of them by the use of forum selection clauses." We disagree. Under our decision, the trial court retains the authority to hear the case when it determines that the forum selection clause was the product of fraud or unequal bargaining power or that the clause would be unfair or unreasonable.

We therefore reverse the decision of the Court of Appeals and remand the case to that court for further remand to the Superior Court, Wake County, in order that plaintiff here may have the opportunity to make such a showing that he meets the burden set forth herein.

REVERSED AND REMANDED.

**PERKINS v. CCH COMPUTAX, INC.**

[333 N.C. 140 (1992)]

Justice MITCHELL dissenting.

One effect of the majority's election to honor and enforce forum selection clauses in contracts is to allow private parties to determine whether North Carolina's courts will exercise their jurisdiction over cases involving citizens of this state, often when those citizens are most helpless. For this and other reasons, I believe that forum selection clauses are contrary to public policy and should not be recognized by this Court as being valid and binding. *See generally* Francis M. Dougherty, Annotation, *Validity of Contractual Provisions Limiting Place or Court in Which Action May be Brought*, 31 A.L.R. 4th 404, 409-414 (1984) (citing cases).

I fear that under the majority's ruling today, this state's citizens will be left helpless to protect themselves from forum selection clauses in many contracts. Admiralty cases involving international contracts between sophisticated multinational business entities, such as *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 32 L. Ed. 2d 513 (1972), are not controlling on the issue of state law presented here and are not at all persuasive authority in the more ordinary run of contract cases. For example, contract terms printed in product warranties usually are offered to consumers on a take-it-or-leave-it basis, with consumers having neither an opportunity for bargaining nor the power to bargain. *See, e.g.*, Lee Goldman, *My Way and the Highway: The Law and Economics of Choice of Forum Clauses in Consumer Form Contracts*, 86 Nw. U. L. Rev. 700 (1992). Further, the release from forum selection clauses that the majority promises if a party carries the burden of demonstrating that a challenged clause is the product of fraud or unequal bargaining power is entirely theoretical and illusory. *Id.* The very citizens who have the least bargaining power and are most apt to be taken advantage of will also be the citizens who will have the fewest resources available for attempting to carry their burden of proving that a forum selection clause is the product of fraud or unequal bargaining power or is otherwise unfair or unreasonable.

"In sum, economic, political, and social interests favor nonenforcement of forum selection clauses in consumer contracts." *Id.* at 730; *See also* John McKinley Kirby, Note, *Consumer's Right to Sue at Home Jeopardized Through Forum Selection Clause in Carnival Cruise Lines v. Shute*, 70 N.C.L. Rev. 888 (1992). By its opinion in the present case, the majority elects to place tens of thousands of our citizens at the mercy of those who will take

advantage of them by the use of forum selection clauses. In my view, it does so without substantially promoting any desirable counterbalancing public purpose.

For the foregoing reasons, I dissent.

Justices Frye and Webb join in this dissenting opinion.