BELL ATLANTIC TRICON LEASING CORP. v. JOHNNIE'S GARBAGE SERV.

[113 N.C. App. 476 (1994)]

BELL ATLANTIC TRICON LEASING CORPORATION, PLAINTIFF v. JOHNNIE'S GARBAGE SERVICE, INC. AND JOHNNIE McBROOM, DEFENDANTS

No. 9315SC169

(Filed 1 February 1994)

1. **Courts § 145 (NCI4th); Venue § 1 (NCI3d) — forum selection or consent to jurisdiction clause — absence of intelligent consent — invalidity**

   A North Carolina defendant did not knowingly and intelligently consent to forum selection and consent to jurisdiction clauses giving the courts of New Jersey jurisdiction over a computer lease agreement where defendant was a seventy-nine-year-old man who ran a small family business; there was no bargaining over the terms of the contract between the parties, who were far from equal in bargaining power; the forum selection and consent to jurisdiction clauses were on the back side of the one-page preprinted form, where there was no place for defendant to sign or initial; the clauses were in fine print under a paragraph labeled "Miscellaneous" and were never called to defendant's attention or explained to him; and there was no showing that defendant was aware of the significance of the clauses. Therefore, the clauses were unenforceable.

   **Am Jur 2d, Conflict of Laws §§ 78, 79.**

2. **Constitutional Law § 149 (NCI4th); Judgments § 405 (NCI4th) — foreign judgment — insufficient minimum contacts — no full faith and credit**

   Defendant North Carolina resident did not have sufficient minimum contacts with New Jersey to give the courts of that state personal jurisdiction over him, and the North Carolina courts were not required to give full faith and credit to a default judgment entered against defendant in New Jersey, where defendant had no contact with New Jersey except for his agreement to lease computer equipment from a New Jersey company; defendant was a seventy-nine-year-old man who ran a small business operated exclusively in North Carolina; plaintiff is a large corporation which does business in several states; when defendant signed the lease, it was not called to his attention that he was contracting with a New Jersey company; and defendant does no business in New Jersey, has never

BELL ATLANTIC TRICON LEASING CORP. v. JOHNNIE'S GARBAGE SERV.

[113 N.C. App. 476 (1994)]

solicited or purposefully directed his activities at New Jersey residents, and has not attempted to avail himself of the protections of the laws of New Jersey.

Am Jur 2d, Constitutional Law §§ 860 et seq.; Judgments §§ 1214 et seq.

Comment note. — "Minimum contacts" requirement of Fourteenth Amendment's due process clause (Rule of International Shoe Co. v. Washington) for state court's assertion of jurisdiction over nonresident defendant. 62 L. Ed. 2d 853.

Appeal by defendants from judgment entered 12 November 1992 by Judge Orlando F. Hudson in Alamance County Superior Court. Heard in the Court of Appeals 6 December 1993.

On 31 January 1991, defendant Johnnie McBroom, acting as president of Johnnie's Garbage Service, Inc., received certain computer equipment from National Software Systems, Inc. of Sparks, Maryland. On the same day, a representative of National Software installed the equipment in Mr. McBroom's office in Alamance County. After the equipment was installed, Mr. McBroom signed a lease application and a standardized lease agreement. The lease agreement contained a forum selection clause which stated that the guaranty was governed by New Jersey law and a consent to jurisdiction clause which stated that the guarantor consented to the jurisdiction of the court of the State of New Jersey for Bergen County for resolution of any disputes arising under the agreement. Under the lease agreement, defendant was to make payments to Bell Atlantic at its Atlanta, Georgia office.

In addition to a security deposit given to the National Software representative when he was present in defendant's office, defendant made monthly payments in February and March pursuant to the lease. In April of 1991, defendant wrote to National Software and requested that the company pick up its equipment because it did not function as promised. A copy of this letter was sent to Bell Atlantic. Pursuant to the telephone instructions of National Software, defendant shipped the equipment back to National Software in boxes which had been sent to him for that purpose. Defendant ceased making payments for the equipment and plaintiff eventually declared that defendant was in default.

BELL ATLANTIC TRICON LEASING CORP. v. JOHNNIE'S GARBAGE SERV.

[113 N.C. App. 476 (1994)]

In September of 1991, plaintiff's attorney filed a complaint against defendant in the New Jersey court for Bergen County. Defendant did not answer the complaint. The Clerk of Superior Court of Bergen County entered default judgment against defendant on 29 January 1992.

On 8 June 1992, plaintiff filed an action with the Clerk of Superior Court of Alamance County seeking to enforce the New Jersey judgment pursuant to the Uniform Enforcement of Foreign Judgments Act. Attached to this Notice was a certified copy of the New Jersey judgment which had been entered on 19 January 1992 and recorded on 6 February 1992. On 10 June 1992, defendant was served with the Notice. On 10 July 1992, the thirty days for responding to the Notice expired with no response filed by defendant.

On 5 August 1992, defendant filed a Motion for Relief from Judgment pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. On 26 October 1992, defendant filed a Motion to Quash Execution or in the Alternative to Stay Execution. Both motions were denied. From the Order denying these motions, defendant appeals.

*Smith, Debnam, Hibbert & Pahl, by Bettie Kelley Sousa and Byron L. Saintsing, for plaintiff-appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by ToNola D. Brown, for defendants-appellants.*

WELLS, Judge.

This appeal presents the issue of whether North Carolina should afford full faith and credit to a default judgment of a New Jersey court against a North Carolina defendant. Defendant argues that New Jersey's exercise of *in personam* jurisdiction over defendant was constitutionally impermissible, rendering the New Jersey judgment void and unenforceable. We agree, and therefore reverse the superior court's denial of defendant's motion for relief from judgment.

Generally, one state must accord full faith and credit to a judgment rendered in another state. *Florida National Bank v. Satterfield*, 90 N.C. App. 105, 367 S.E.2d 358 (1988). However, because a foreign state's judgment is entitled to only the same validity and effect in a sister state as it had in the rendering state, the

BELL ATLANTIC TRICON LEASING CORP. v. JOHNNIE'S GARBAGE SERV.

[113 N.C. App. 476 (1994)]

foreign judgment must satisfy the requisites of a valid judgment under the laws of the rendering state before it will be afforded full faith and credit. *Boyles v. Boyles*, 308 N.C. 488, 302 S.E.2d 790 (1983).

To meet the requirements of a valid judgment, the rendering court must comport with the demands of due process such that it has personal jurisdiction—otherwise known as minimum contacts—over defendant. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 90 L.Ed. 95 (1945). The Due Process Clause protects an individual's liberty interest in not being subject to the judgment of a forum with which he has established no meaningful contacts or relations. *Id.* "A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L.Ed.2d 490 (1980). N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) allows a party to petition for relief from judgment on the grounds that the judgment is void. A void judgment is a legal nullity which may be attacked at any time. *Allred v. Tucci*, 85 N.C. App. 138, 354 S.E.2d 291, *cert. denied*, 320 N.C. 166, 358 S.E.2d 47 (1987).

There are two theories under which plaintiff contends the New Jersey court could properly exercise personal jurisdiction: that defendant consented to jurisdiction, and that defendant established minimum contacts with the State of New Jersey such that the maintenance of the suit in New Jersey would not offend traditional notions of fair play and substantial justice.

[1] We first address the issue of whether the consent to jurisdiction clause contained in the agreement signed by defendant operated as a valid consent to personal jurisdiction of the New Jersey court. Our Supreme Court discussed this type of provision in *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 414 S.E.2d 30 (1992), and noted that:

> [T]he consent to jurisdiction provision concerns the submission of a party or parties to a named court or state for the exercise of personal jurisdiction over the party or parties consenting thereto. By consenting to the jurisdiction of a particular court or state, the contracting party authorizes that court or state to act against him.

BELL ATLANTIC TRICON LEASING CORP. v. JOHNNIE'S GARBAGE SERV.

[113 N.C. App. 476 (1994)]

In the subsequent case of *Perkins v. CCH Computax, Inc.*, 333 N.C. 140, 423 S.E.2d 780 (1992), our Supreme Court discussed the validity of choice of law, forum selection and consent to jurisdiction clauses. In *Perkins*, the Court upheld the enforcement of forum selection clauses and stated that "Recognizing the validity and enforceability of forum selection clauses in North Carolina is consistent with the North Carolina rule that recognizes the validity and enforceability of choice of law and consent to jurisdiction provisions," *citing Johnston County v. R.N. Rouse & Co., supra.* The Court held that forum selection clauses are valid in North Carolina unless the litigant demonstrates that the clause was "the product of fraud or unequal bargaining power or that enforcement of the clause would be unfair or unreasonable." *Perkins v. CCH Computax, Inc., supra.* These cases indicate that generally, the courts of our State will enforce consent to jurisdiction clauses. The United States Supreme Court has held that because the personal jurisdiction requirement is a waivable right, a litigant may give express or implied consent to the personal jurisdiction of the court. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 72 L.Ed.2d 492 (1982). Such forum selection or consent provisions do not offend due process where they have been "freely negotiated" and are not "unreasonable and unjust." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 32 L.Ed.2d 513 (1972).

In *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 31 L.Ed.2d 124 (1972), the United States Supreme Court outlined the factors relevant to determination of a contractual waiver of due process rights. The Court applied the standards governing waiver of constitutional rights in a criminal setting, and although the Court did not find that such standards must apply, it held that based on the specific circumstances of the case, the contractual waiver of due process rights was "voluntarily, intelligently, and knowingly" made. *Id.* In that case, the contract was negotiated between two corporations and was not a contract of adhesion. Furthermore, the waiver provision was expressly bargained for and drafted by the parties' attorneys, and both parties were "aware of the significance" of the waiver provision. *Id.*

With these cases in mind, we now examine the circumstances surrounding defendant's signing of the lease agreement. When he signed the lease agreement, defendant was a 79-year-old man who ran a small family business. There was no bargaining over the terms of the contract between the parties, who were far from

BELL ATLANTIC TRICON LEASING CORP. v. JOHNNIE'S GARBAGE SERV.

[113 N.C. App. 476 (1994)]

equal in bargaining power. The lease agreement itself was a one page pre-printed form with type on the front and back. The forum selection and consent to jurisdiction provisions were on the back side of the paper, where there was no place for defendant to sign or initial. The provisions were in fine print under a paragraph labeled "Miscellaneous," and were never called to defendant's attention or explained to him. Plaintiff made no showing whatsoever that defendant was actually aware or made aware of the significance of the consent to jurisdiction clause.

Considering all of these factors, we find that defendant did not knowingly and intelligently consent to the jurisdiction of the New Jersey courts. Therefore, enforcement of this provision would be both unfair and unreasonable.

[2] Defendant next argues that no minimum contacts existed such that New Jersey could exercise personal jurisdiction over him. We find merit in this argument.

It is a well recognized principle of our law that in order to resolve the question of the existence of *in personam* jurisdiction of a forum state over a non-resident defendant, a two-step inquiry must be made. If a defendant is not physically present within the forum, constitutional due process requirements may still be met if defendant had certain "minimum contacts" with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95 (1945). In order to be subject to personal jurisdiction, defendant must take some purposeful action within the forum state that invokes for defendant the benefits and protections of the state's laws. *Hanson v. Denckla*, 357 U.S. 235, 2 L.Ed.2d 1283 (1958). The activity of defendant should be of such a nature that defendant could reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L.Ed.2d 490 (1980).

In determining when a potential defendant should reasonably anticipate litigation in an out-of-state forum, the Supreme Court has often referred to the reasoning of *Hanson v. Denckla, supra*, which provided that:

The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule

BELL ATLANTIC TRICON LEASING CORP. v. JOHNNIE'S GARBAGE SERV.

[113 N.C. App. 476 (1994)]

will vary with the quality and nature of defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Id.*

The "purposeful availment" requirement ensures that a defendant will not be brought into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 79 L.Ed.2d 790 (1984). Neither should a defendant be haled into a forum solely as a result of the "unilateral activity of another party or a third person." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 80 L.Ed.2d 404 (1984). Furthermore, minimum contacts are determined by judging each case on its specific facts considering the traditional notions of fair play and justice. *Ciba-Geigy Corp. v. Barnett*, 76 N.C. App. 605, 334 S.E.2d 91 (1985). In *Marion v. Long*, 72 N.C. App. 585, 325 S.E.2d 300, *appeal dismissed and rev. denied*, 313 N.C. 604, 330 S.E.2d 612 (1985), this Court, *citing Sola Basic Industries, Inc. v. Parke County*, 70 N.C. App. 737, 321 S.E.2d 28 (1984), noted that the factors to be considered in determining whether minimum contacts exist are: (1) the quantity of the contacts, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience.

Applying the above stated principles of law to the facts before us, we find that defendant had no minimum contacts sufficient to allow a New Jersey court to assert personal jurisdiction over him. The existence of minimum contacts in this case can depend on only one contact: a lease agreement between defendant and Bell Atlantic. Defendant, as noted earlier, was a 79-year-old man who ran a small business operated exclusively in North Carolina. Plaintiff, on the other hand, is a large corporation which does business in several states. When defendant signed the lease agreement, it was not called to his attention that he was contracting with a New Jersey company. Defendant does no business in New Jersey, has never solicited or purposefully directed his activities at New Jersey residents, and has not attempted to avail himself of the protections of the laws of New Jersey.

The exercise of personal jurisdiction by New Jersey over this defendant offends any idea of fair play and substantial justice. Representatives of National Software approached defendant, con-

vinced him to purchase a computer system, installed it in his office, and then had him sign a standardized, pre-printed contract which purports to be the only basis for the State of New Jersey to have jurisdiction over him. Throughout these dealings, defendant was never even informed that he was contracting with a New Jersey company, much less that if a dispute arose and this company decided to sue him, he would have to travel to New Jersey to defend himself.

Based on our evaluation of the circumstances of this case as shown by this record, we conclude that it would be inconsistent with due process of law for a New Jersey court to exercise personal jurisdiction over this defendant. Accordingly, the courts of our State cannot give full faith and credit to the New Jersey judgment. For the reasons stated, the order denying relief from judgment must be reversed and the cause remanded for entry of judgment for defendant.

Reversed and remanded.

Judges EAGLES and WYNN concur.