■ GULF INSURANCE COMPANY, Appellant, v TRANSATLANTIC REINSURANCE COMPANY et al., Respondents, et al., Defendant. [788 NYS2d 44]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 26, 2004, insofar as it granted defendants-respondents' motion to compel plaintiff to produce privileged documents, unanimously reversed, on the law, with costs, and the motion to compel denied.

This appeal involves the question of whether a standard access to records clause in a contract waives any claim of privilege with respect to those documents. We hold that it does not.

Plaintiff, after issuing a vehicle residual value protection policy to nonparty First Union Corporation, entered into quota reinsurance agreements with defendants and their predecessors. The pertinent provisions of the reinsurance agreements provided that any loss settlement made by the plaintiff shall be "unconditionally binding upon the Reinsurer in proportion to its participation." Moreover, plaintiff retained "absolute discretion" in the settlement of any claims. Finally, the agreements contained a boilerplate access to records clause which provided: "the Reinsurers . . . will have the right to inspect . . . all records of the Company [i.e. plaintiff] that pertain in any way to this Agreement."

In March 2000, First Union sued plaintiff herein. Periodically,

plaintiff sent updates on the litigation to the defendants. This litigation was settled on February 25, 2003 for $226 million. On March 10, 2003, plaintiff asked defendants to contribute their share of the settlement. Defendants invoked the access to records clause in the agreement and demanded to inspect plaintiff's files, including the files of in-house and outside counsel. Plaintiff produced 22 banker's boxes of documents but refused to produce the files of counsel, claiming these were privileged documents and not subject to the access to records clause. As a result of plaintiff's failure to produce all the documents demanded, defendants refused to pay their share of the First Union settlement. Plaintiff then commenced this lawsuit.

Defendants commenced a separate lawsuit for rescission of the reinsurance agreements. They also claimed the First Union settlement was unreasonable, in bad faith and ex gratia. Both lawsuits were consolidated. During the course of those suits, defendants served document demands on plaintiff which sought documents that normally would be clearly privileged, involving litigation strategy in the First Union action, counsel opinions and communications between plaintiff and its counsel. Plaintiff objected to these demands and defendants moved to strike those objections and compel discovery. The IAS court granted the motion to compel discovery, holding that the access to records clause "is an extremely expansive clause without any limitation." This appeal ensued.

Initially, we note that plaintiff correctly argues that a de novo standard of review applies because the IAS court interpreted a contract provision (i.e., the access to records clause) as a matter of law (*see Gregoris Motors v Nissan Motor Corp.*, 80 AD2d 631 [1981], *affd* 54 NY2d 634 [1981]). Further, contrary to plaintiff's contention, defendants may seek rescission and damages in the same action (CPLR 3002 [e]).

Access to records provisions in standard reinsurance agreements, no matter how broadly phrased, are not intended to act as a per se waiver of the attorney-client or attorney work product privileges. To hold otherwise would render these privileges meaningless (*North Riv. Ins. Co. v Philadelphia Reins. Corp.*, 797 F Supp 363 [D NJ 1992]).

The court in *North Riv.* was presented with a cooperation clause which provided that the insurer would provide to the reinsurer "any of its records relating to this reinsurance or claims in connection therewith" (*id.* at 368). When the insurer refused to provide documents which it argued were within the purview of the attorney-client privilege, the reinsurer made a motion to compel production of those documents. The court

held that so long as the insurer produced all documents in its possession relevant to the underlying claim, its duty under the cooperation clause was fulfilled. It further held that the reinsurer is not entitled under a cooperation clause to learn of any and all legal advice that may have been obtained "with a reasonable expectation of confidentiality" (*id.* at 369). In short, the court determined that a standard document production clause, does not, without more, constitute a waiver of the attorney-client privilege.

Indeed, the court also found that there was no automatic waiver of the attorney-client privilege merely because the parties had a common interest in the outcome of the underlying litigation. Production of documents under those circumstances does not prevent the assertion of privilege of similar documents in an adversary situation. Given the present dispute between the parties, the "attorney-client privilege was not waived by the promise of open 'records' alone" (*U.S. Fire Ins. Co. v Phoenix Assur. Co.*, Sup Ct, NY County, Aug. 18, 1992, Moskowitz, J., Index No. 7712/91, *affd* 193 AD2d 559 [1993]).

That is not to say that the defendants are precluded from challenging the assertion of privilege made with respect to any documents sought to be produced, or that a court is bound by counsel's characterization of a document as being privileged (*see Aetna Cas. & Sur. Co. v Certain Underwriters at Lloyd's London*, 263 AD2d 367 [1999], *lv dismissed* 94 NY2d 875 [2000]). The party asserting the privilege has the burden of proving each element of the privilege claimed (*see Priest v Hennessy*, 51 NY2d 62 [1980]). While a court may determine certain documents to be outside the purview of privileged documents, it cannot be said that the contract provision here constituted a blanket waiver of those privileges under all circumstances. Concur—Buckley, P.J., Williams, Lerner, Gonzalez and Sweeny, JJ.