**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAMUEL D. EDWARDS,

       Plaintiff,

v.

PEPSICO, INC., a North Carolina
corporation,

       Defendant,
       Cross-Claimant,
       Cross-Defendant,
       Third-Party-Plaintiff-
       Appellee,

PEPSI-COLA COMPANY, a North
Carolina corporation,

       Defendant,
       Cross-Claimant,
       Cross-Defendant-
       Appellee,

B.W. SINCLAIR, INC., a Texas
corporation,

       Defendant,
       Cross-Defendant,
       Cross-Claimant,
       Third-Party-Plaintiff-
       Appellant.

No. 06-7036
(D.C. No. 04-CV-96-W)
(E.D. Okla.)

# ORDER AND JUDGMENT[*]

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

This diversity action arises from injuries sustained by Samuel D. Edwards when, at his place of employment, he reached into a jammed machine with his dominant hand to ascertain the cause of the jam. Mr. Edwards lost two fingers and a third was severed. He subsequently brought suit against multiple defendants, asserting claims for manufacturer's product liability, negligence, and recklessness. Judgment was entered on a jury verdict—as is relevant to this appeal—in favor of plaintiff Edwards and against defendant PepsiCo, Inc., defendant Pepsi-Cola Company (collectively, Pepsi), and defendant B.W. Sinclair, Inc. (Sinclair). Pepsi and Sinclair's cross-claims for indemnity and contribution, having been previously bifurcated from the trial, remained outstanding. The district court then instructed Pepsi and Sinclair to file their proposed findings of fact and conclusions of law. After reviewing the post-trial

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

submissions and all of the evidence presented at trial, including live testimony, depositions, exhibits, and stipulations of the parties, the court entered findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a). Applying the substantive law of New York, which the parties agree is applicable to the warranty and indemnity provision at issue (referred to as the "Pepsi Terms"), the district court ruled in favor of Pepsi on its claim for contractual indemnity. Sinclair appeals that decision, asserting that the Pepsi Terms do not clearly show the parties' "unmistakable intent" that Sinclair would indemnify Pepsi for its "own [proportional] share of fault assessed by the jury;" consequently, argues Sinclair, the district court erroneously granted judgment in favor of Pepsi. Aplt. Opening Br. at 7; *see also id.* at 24.

Our jurisdiction in this diversity case arises under 28 U.S.C. § 1291. Because the interpretation of a contract is a question of law in New York, our review is de novo. *See Gulf Ins. Co. v. Transatlantic Reinsurance Co.*, 788 N.Y.S.2d 44, 45 (N.Y. App. Div. 2004); *see also Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991) (concluding "that a court of appeals should review *de novo* a district court's determination of state law").

The district court provided a detailed summary of the facts and procedural history involved in this case, and we need not restate that material here. Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standard, we hold that Sinclair has not identified any reversible

error in this case. We therefore **AFFIRM** the judgment of the district court for substantially the same reasons stated in its order dated March 26, 2006.

Entered for the Court


Stephen H. Anderson
Circuit Judge