JERMAINE PARSON, PLAINTIFF v. OASIS LEGAL FINANCE, LLC, JEFF BALOUN, AND GARY CHODES, DEFENDANTS

No. COA10-1414

(Filed 2 August 2011)

## 1. Contracts—meeting of minds—last essential act—Illinois

The trial court erred in a usury, violation of the Consumer Finance Act, and unfair and deceptive trade practices case by finding the contract between the parties was entered into in North Carolina. The last act essential to establishing a meeting of the minds and affirming the mutual assent of both parties to the terms of the agreement was the signing of the agreement by defendant's representative in Illinois.

## 2. Contacts—formum selection clause—choice of laws— enforcement not unreasonable and unfair

The trial court erred in a usury, violation of the Consumer Finance Act, and unfair and deceptive trade practices case by finding the enforcement of the forum selection clause in the contract between the parties would be unreasonable and unfair.

Appeal by defendants from order entered 26 July 2010 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 27 April 2011.

*Robertson Medlin & Bloss, P.L.L.C., by John F. Bloss, and Barron & Berry, L.L.P., by Frederick L. Berry, Esq., for plaintiff-appellee.*

*Brooks Pierce McLendon Humphrey & Leonard, L.L.P., by Robert J. King, III, and Clint S. Morse, for defendant-appellants.*

BRYANT, Judge.

Where the last act essential to a meeting of the minds was a signature made in Illinois, the contract was not entered into in North Carolina. Further, where the enforcement of the forum selection clause would not be unfair and unreasonable, we reverse the trial court's order and remand.

On 18 February 2010, in Guilford County Superior Court, plaintiff Jermaine Parson filed suit as a class action against Oasis Legal Finance, L.L.C. (Oasis), Jeff Baloun (Baloun), and Gary Chodes (Chodes) alleging the following causes of action: usury, violation of the consumer finance act, unfair and deceptive trade practices, constructive trust, declaratory judgment, rescission / restitution, maintenance, champerty, and injunction.[1]

The allegations as set forth in the complaint, as well as answers to plaintiff's interrogatories and statements made during a deposition, indicate that on 27 October 2007, plaintiff was injured by a motor vehicle while he was crossing the street. Plaintiff retained Joseph A. Williams, P.A., as legal representative for an ensuing action against the vehicle driver. On 15 January 2008, plaintiff entered into an agreement with Oasis for an advance of funds to pay for plaintiff's legal representation. In exchange, plaintiff agreed that, in the event he recovered compensation for his personal injuries, he would repay the amount advanced by Oasis plus an additional sum determined by the length of time the advance had been outstanding.

Oasis was organized under the laws of the state of Delaware with its offices located in Illinois. Baloun, an Oasis officer and manager,

---

1. While plaintiff filed a class action complaint, the record contains no indication that the trial court certified the class.

PARSON v. OASIS LEGAL FIN., LLC

[214 N.C. App. 125 (2011)]

held the title of Director of Legal Funding. Chodes, another officer and manager, held the title of Chief Executive Officer. Both Baloun and Chodes reside in Illinois.

On 15 January 2008, plaintiff and Joseph A. Williams, P.A., received from Oasis an unsigned agreement for the advancement of $3,000.00. Plaintiff and a representative from Joseph A. Williams, P.A., signed the purchase agreement and faxed it back to Oasis the same day. On 16 January 2008, plaintiff received a check for $2,972.00.[2] The record includes documentation that plaintiff entered into another purchase agreement with Oasis on 18 February 2008 in exchange for an advance of $750.00. Both agreements contained a governing law clause stating that "all lawsuits, disputes, claims, or proceedings arising out of or relating to this Purchase Agreement . . . shall be governed, construed and enforced in accordance with the laws of the State of North Carolina." Also, both agreements contained a forum selection clause stating "[t]he Parties hereby irrevocably and unconditionally consent . . . and agree not to commence any such lawsuit, dispute, claim or other proceeding except in the Circuit Court of Cook County, Illinois.

In June 2009, plaintiff settled the underlying action for $30,000.00. Under the terms of the 15 January 2008 purchase agreement, if the repayment occurred between 15 April 2009 and 14 July 2009, the total amount due would be $7,500.00. Under the terms of the February purchase agreement, if the repayment occurred between 18 May 2009 and 17 August 2009, the amount due would be $1,875.00. However, pursuant to a letter issued by Oasis to Joseph A. Williams, Esq., "Oasis [would] agree to accept as payment in full fees of 15.9%, plus return of the original amount funded. Therefore, the amount due and owing is $4,575.48 . . . ." On 15 June 2009, plaintiff's attorney disbursed to Oasis $4,575.78. Plaintiff thereafter filed his claims in superior court in Guilford County, North Carolina.

On 23 April 2010, defendants filed a motion to dismiss plaintiff's claims alleging improper venue pursuant to Rule 12(b)(3). On 26 July 2010, the trial court entered an order denying defendant's motion to dismiss.[3] Defendants appeal.

---

2. Plaintiff's requested $3,000.00 was reduced by $28.00 to pay for overnight shipping.

3. Subsequent to the 26 July 2010 entry of the trial court's order denying defendant's motion to dismiss for improper venue pursuant to Rule 12(b)(3), plaintiff, on 12

PARSON v. OASIS LEGAL FIN., LLC

[214 N.C. App. 125 (2011)]

On appeal, defendants argue the trial court erred in finding (I) the Purchase Agreement was entered into in North Carolina; and (II) that enforcing the forum selection clause would be unreasonable and unfair.

Initially, we note that "[a]lthough a denial of a motion to dismiss is an interlocutory order, where the issue pertains to applying a forum selection clause, our case law establishes that [a] defendant may nevertheless immediately appeal the order because to hold otherwise would deprive him of a substantial right." *Hickox v. R&G Group Int'l, Inc.*, 161 N.C. App. 510, 511, 588 S.E.2d 566, 567 (2003) (citation omitted); *see also* N.C. Gen. Stat. § 7A-27(d) (2009).

*I*

**[1]** Defendants first ask that we determine whether the trial court erred in finding the Purchase Agreement was entered into in North Carolina. Contrary to the trial court's conclusion that the contract was entered into on 16 January 2008 when plaintiff received his check, defendant contends the contract was "entered into" when an Oasis representative counter-signed the agreement in Illinois. We agree in part.

Because the disposition of forum selection matters is highly fact-specific, "[w]e employ the abuse-of-discretion standard to review a trial court's decision concerning clauses on venue selection." *Mark Group Int'l, Inc. v. Still*, 151 N.C. App. 565, 566, 566 S.E.2d 160, 161 (2002).

"The essence of any contract is the mutual assent of both parties to the terms of the agreement so as to establish a meeting of the minds." *Snyder v. Freeman*, 300 N.C. 204, 218, 266 S.E.2d 593, 602 (1980) (citation omitted). "Mutual assent is normally established by an offer by one party and an acceptance by the other, which offer and acceptance are essential elements of a contract." *Creech v. Melnik*, 347 N.C. 520, 527, 495 S.E.2d 907, 912 (1998) (citation omitted). The moment of mutual assent may differ from the time the contract is to be effective. Black's Law Dictionary defines "effective date" as "[t]he date on which a statute, contract, insurance policy, or other such instrument becomes enforceable or otherwise takes effect, which sometimes differs from the date on which it was enacted or signed."

---

August 2010, filed an amended complaint incorporating the February 2008 purchase agreement. As the trial court order from which defendants appealed directly addresses only the 15 January 2008 agreement, we limit our review to the subject of the order entered and mention the February agreement only for context.

Black's Law Dictionary 533 (7th ed. 1999). *E.g., Rental Towel and Uniform Serv. v. Bynum Int'l, Inc.,* 304 N.C. 174, 282 S.E.2d 426 (where the last signature to the contract was acquired on 8 November 1978 but the contract was not effective until 11 December 1978), *rev'g* 51 N.C. App. 203, 281 S.E.2d 664 (1981).

> [I]t is a generally accepted principle that the test of the place of a contract is as to the place at which the last act was done by either of the parties essential to a meeting of minds. Until this act was done there was no contract, and upon its being done at a given place, the contract became existent at the place where the act was done. Until then there was no contract.

*Bundy v. Commercial Credit Co.,* 200 N.C. 511, 515, 157 S.E.2d 860, 862 (1931). In *Szymczyk v. Signs Now Corp.,* 168 N.C. App. 182, 606 S.E.2d 728 (2005), the plaintiffs, a North Carolina couple, contested whether a forum selection clause within a franchise agreement entered into with the defendant, a Florida corporation, was enforceable. In response to an alleged violation of the agreement, the defendant filed a complaint and a demand for arbitration in Manatee County, Florida. *Id.* at 184, 606 S.E.2d at 731. A Wilson County Superior Court granted the plaintiffs an injunction against further proceedings in Florida. *Id.* On appeal from the Wilson County order, this Court considered whether the trial court was correct in enjoining the Florida action, specifically, whether North Carolina law applied to the forum selection clause. The Court acknowledged that pursuant to N.C. Gen. Stat. § 22B-3, North Carolina courts will not honor provisions in certain contracts—choice of law, forum selection—if found to be contrary to North Carolina public policy. The Court noted, however, that the consideration was limited to those contracts "entered into in North Carolina." *Id.* at 186-87, 606 S.E.2d at 732 (citing *Key Motorsports v. Speedvision Network, L.L.C.,* 40 F. Supp. 2d 344 (M.D.N.C. 1999)). Ultimately concluding that North Carolina law did not apply to the interpretation of the forum selection clause, the *Szymczyk* Court, citing the test articulated in *Bundy,* held that the last act essential to the formation of the contract was a signing that took place in Florida, and thus, the contract was entered into in Florida. *Id.* at 187, 606 S.E.2d at 733. *See also, e.g. Map Supply, Inc. v. Integrated Inventory Solutions, Inc.,* 2008 N.C. App. LEXIS 1008 (COA07-733) (heard 12 December 2007) (unpublished) (holding that despite a discussion and verbal agreement which occurred in North Carolina, the final signature necessary to the contract was procured in Michigan; therefore, the contract was formed in Michigan).

Here, in its findings of fact, the trial court noted that the agreement contained the following language, "[t]his Agreement shall not be effective until the Purchase Price is paid to the Seller" and that plaintiff received his advance in North Carolina. The trial court then concluded that the agreement was entered into in North Carolina. We hold otherwise.

The record indicates that Oasis advertised "5 Easy Steps to Funding," which included (1) "Complete the ATTORNEY EXPRESS FUNDING application" (a one page overview of the applicant's underlying pending legal case); (2) "Oasis reviews [the applicant's application for funding and the underlying] case the same day"; (3) "[the applicant] completes and faxes back the contract [Oasis] send[s]"; (4) "[the applicant's attorney] [s]ign[s] and fax[es] back the [Attorney] Acknowledgement [provided by Oasis]"; and (5) "Oasis wires the funds or sends a check to [the applicant]." An Oasis funding application requesting $3,000.00 on behalf of plaintiff was completed and faxed to Oasis on 15 January 2008. That same day, Oasis faxed to plaintiff an unsigned draft agreement for the advance of $3,000.00. The agreement labeled plaintiff as the "Seller" and Oasis as the "Purchaser" of the right to receive a portion of the proceeds recovered from plaintiff's pending legal action. Further, the agreement included information such as how plaintiff would like to receive his requested amount (by check or as requested by the purchaser); a schedule for repaying the advance; and a release allowing Oasis to receive a copy of plaintiff's credit report. Plaintiff, along with his attorney, signed the agreement and faxed it back to Oasis on the same day, 15 January 2008. An Oasis representative in Illinois then signed the agreement, and, on 15 January 2008, mailed to plaintiff a check for $2,972.00. Plaintiff received the check on 16 January 2008.

The last act essential to establishing a meeting of the minds and affirming the mutual assent of both parties to the terms of the agreement was the signing of the agreement by an Oasis representative.[4] As the signature of the Oasis representative was made in Illinois, the contract was formed in Illinois. See Bundy, 200 N.C. 511, 157 S.E.2d

---

4. We are cognizant of the trial court's reasoning that the effective date of the contract—when plaintiff received his advance in North Carolina—indicates the agreement was entered into in North Carolina. However, we note the cases setting out the difference between "contract formation" and "contract enforceability," see Parker v. Glosson, 182 N.C. App. 229, 641 S.E.2d 735 (2007), and other cases cited herein—Szymczyk, 168 N.C. App. 182, 606 S.E.2d 728, and Key Motorsports, 40 F. Supp. 2d 344 —which acknowledge contract formation as a seminal point wherein the agreement is entered.

860 (the test of the place of a contract is the place of the last act essential to a meeting of minds); *Szymczyk*, 168 N.C. App. 182, 606 S.E.2d 728. Accordingly, we hold that the trial court erred in its conclusion that the agreement between Oasis and plaintiff was entered into in North Carolina.

*II*

[2] Next, defendants argue that the trial court erred in finding the enforcement of the forum selection clause would be unreasonable and unfair. Defendants contend that plaintiff failed to meet the heavy burden required to show that enforcing the forum selection clause would be unreasonable and unfair; that it is not unreasonable and unfair for a court to apply the law or policy of another jurisdiction; and that the forum selection clause must be considered separate and apart from the contract. We agree.

This Court has previously held that forum selection clauses are to be reviewed under an abuse of discretion standard.[5] *Appliance Sales & Serv. v. Command Elecs. Corp.*, 115 N.C. App. 14, 21-22, 443 S.E.2d 784, 789 (1994) (citing *State v. Locklear*, 331 N.C. 239, 248, 415 S.E.2d 726, 732 (1992) ("The abuse of discretion standard of review is applied to situations, such as this, which require the exercise of judgment on the part of the trial court. The test for abuse of discretion requires the reviewing court to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." (citations omitted)); *cf. M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 7, 32 L. Ed. 2d 513, 519 (1972) (abuse of discretion standard applicable to forum *non conveniens determination*).))); *see also Mark Group Int'l, Inc. v. Still*, 151 N.C. App. 565, 566 S.E.2d 160 (2002); *Cox v. Dine-A-Mate, Inc.*, 129 N.C. App. 773, 501 S.E.2d 353 (1998).

In *Perkins v. CCH Computax, Inc.*, 333 N.C. 140, 423 S.E.2d 780 (1992), *superceded in part by statute*, N.C. Gen. Stat. § 22B-3 (1993), our Supreme Court considered whether it was proper for a trial court to deny a defendant's motion to dismiss for improper venue made on the basis of a forum selection clause. For guidance, the Court looked to *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 32 L. Ed. 2d 513.

---

5. Interpretation of a contract is generally governed by the law of the state wherein the contract is made. *See Szymczyk*, 168 N.C. App. 182, 606 S.E.2d 728; *Map Supply, Inc.*, 2008 N.C. App. LEXIS 1008 (COA07-733). However, in the instant case the parties specifically agreed that North Carolina would be governing law.

In *Bremen*, the United States Supreme Court enunciated a standard for the enforceability of forum selection clauses. The Court held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. at 10, 32 L. Ed. 2d at 520. The Court further held that the forum selection clause in the contract should be enforced "absent a strong showing that it should be set aside . . . [, a] show[ing] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 15, 32 L. Ed. 2d at 523. Additionally, the Court held that a forum selection clause should be invalid if enforcement would "contravene a strong public policy of the forum in which suit is brought." *Id.*

*Perkins*, 333 N.C. at 144, 423 S.E.2d at 783.[6]

Under issue I, following the reasoning of *Szymcyk* as applied to our facts, we determined that the contract between plaintiff and Oasis was formed in Illinois. Further, the contract contains the following forum selection clause:

8.11 Governing Law and Forum. . . .

**The Parties hereby irrevocably and unconditionally consent** to submit to the exclusive jurisdiction of the Circuit Court of Cook County, Illinois for any disputes, claims or other proceedings arising out of or relating to this Purchase Agreement or the relationships that result from this Purchase Agreement **and agree not to commence any such lawsuit, dispute, claim or other proceeding except in the Circuit Court of Cook County, Illinois.**

(Emphasis added). However, in addition to a forum selection clause, the contract contains a choice of law provision:

8.11 Governing Law and Forum. This Purchase Agreement, and all lawsuits, disputes, claims, or proceedings arising out of or relating to this Purchase Agreement or the relationships that

---

6. Although not directly applicable to the facts, before us, it is notable that subsequent to our Supreme Court's holding in *Perkins*, our General Assembly enacted General Statute, section 22B-3. "[A]ny provision in a contract *entered into in North Carolina* that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." N.C. Gen. Stat. § 22B-3 (2009); *see also Szymczyk*, 168 N.C. App. at 187, 606 S.E.2d at 733 (holding that where the contract was entered into outside of North Carolina, § 22B-3 is inapplicable) (citing as persuasive the reasoning in *Key Motorsports*, 40 F. Supp. 2d 344).

result from this Purchase Agreement, shall be governed, construed and **enforced in accordance with the laws of the State of North Carolina.**

(Emphasis added). Our Supreme Court has held that

> [a] plaintiff who executes a contract that designates a particular forum for the resolution of disputes and then files suit in another forum seeking to avoid enforcement of a forum selection clause carries a heavy burden and must demonstrate that the clause was the product of fraud or unequal bargaining power or that enforcement of the clause would be unfair or unreasonable.

*Perkins*, 333 N.C. at 146, 423 S.E.2d at 784; *see also Sony Ericsson Mobile Communs. USA v. Agere Sys.*, 195 N.C. App. 577, 580, 672 S.E.2d 763, 766 (2009) ("to set aside such a clause, a party must show either that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in [a foreign venue] would be . . . inconvenient[,] that the challenging party would, for all practical purposes, be deprived of his or her day in court[.]"); *Bell Atl. Tricon Leasing Corp. v. Johnnie's Garbarge Serv.*, 113 N.C. App. 476, 480, 439 S.E.2d 221, 224 (1994) ("These cases indicate that generally, the courts of our State will enforce consent to jurisdiction clauses.").

Plaintiff does not argue that the forum selection clause was the product of fraud or unequal bargaining power, only that its enforcement would be unreasonable and unjust. The trial court made the following conclusions:

> 8. Requiring a citizen and resident of North Carolina to litigate a relatively small claim involving application of North Carolina public policy and consumer protection law in the Circuit Court of Cook County, Illinois, would be unreasonable and unfair.
>
> 9. In addition, enforcement of a forum selection clause in a contract which may itself ultimately be found to be void on public policy grounds would be unreasonable and unfair.

On appeal, plaintiff contends that it would be "unreasonable and unfair to require a North Carolina plaintiff of limited means to maintain a lawsuit relating to transactions in the principal amount of $3,750.00, governed by North Carolina law, in Cook County, Illinois."

In *Perkins*, the plaintiff, a certified public accountant, practicing in Raleigh, entered into a license and service agreement for a com-

puter software program. The forum selection clause contained in the contract to purchase the software, and applicable to the service agreements, stated, in pertinent part, that "[a]ny action relating to this Agreement shall only be instituted and prosecuted in courts in Los Angeles County, California. Customer/Licensee [plaintiff] specifically consents to such jurisdiction and to extraterritorial service of process." *Perkins*, 333 N.C. at 141, 423 S.E.2d at 781. The plaintiff paid $700.00 for the software. *Id.* at 141, 423 S.E.2d at 781. In Wake County District Court, the plaintiff filed claims for unfair and deceptive trade practices, breach of warranty of merchantability, breach of implied warranty of fitness, breach of express warranty, negligence, and breach of contract. *Id.* at 142, 423 S.E.2d at 781. The defendant, a California software corporation, filed a motion to dismiss relying on the forum selection clause. The matter was transferred to Wake County Superior Court where the defendant's motion was denied. *Id.* at 142, 423 S.E.2d at 781-82. On appeal, our Supreme Court reversed the Superior Court's ruling affirmed by the Court of Appeals. Noting the plaintiff's heavy burden to "demonstrate that the clause was the product of fraud or unequal bargaining power or that enforcement of the clause would be unfair or unreasonable," the Court remanded the decision to this Court for further remand to the Superior Court "in order that [the] plaintiff here may have the opportunity to make such a showing that he meets the burden set forth herein." *Id.* at 146, 423 S.E.2d at 784; *compare, Dine-A-Mate, Inc.*, 129 N.C. App. 773, 501 S.E.2d 353 (holding that enforcement would have been unfair and unreasonable when the employee entered into the contract under threat of termination); *Appliance Sales & Serv.*, 115 N.C. App. 14, 443 S.E.2d 784 (holding that enforcement would be unfair and unreasonable where the defendant made representations that the plaintiff could bring suit in the civil courts of North Carolina); *Bell Atl. Tricon Leasing Corp.*, 113 N.C. App. 476, 439 S.E.2d 221 (holding that enforcement would be unreasonable and unfair where the contract was entered into with an unequal bargaining position and the defendant did not knowingly consent to the forum selection clause); *Dove Air, Inc. v. Bennett*, 226 F. Supp. 2d 771 (W.D.N.C. 2002) (holding that enforcement would be unreasonable and unfair where the contract itself showed unequal bargaining power and overreaching).

In 1993, our General Assembly enacted N.C.G.S. § 22B-3, establishing that "any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard

in another state is against public policy and is void and unenforceable." N.C.G.S. § 22B-3 (2009). While § 22B-3 clearly limits the holding in *Perkins*, the presumption of validity of forum selection clauses, i.e. the test requiring that a plaintiff seeking to avoid enforcement of a choice of governing law or forum clause entered into *outside* of North Carolina meet a "heavy burden and must demonstrate that the clause was the product of fraud or unequal bargaining power or that enforcement of the clause would be unfair or unreasonable," remains applicable. *Perkins*, 333 N.C. at 146, 423 S.E.2d at 784; *see also Dine-A-Mate, Inc.*, 129 N.C. App. 773, 501 S.E.2d 353; *Strategic Outsourcing, Inc. v. Stacks*, 176 N.C. App. 247, 625 S.E.2d 800 (2006).

Plaintiff does not supply, and we do not find, precedent to support a situation where a forum selection clause is held to be unenforceable based solely on the potential value of the damages claimed. Moreover, neither the trial court's order nor plaintiff's arguments on appeal provide a basis for the determination that the amount to be litigated is too small an amount to litigate in Cook County, Illinois. The form agreement provided by Oasis required only that plaintiff fill in the requested contact and personal data information, and then assent to the proposed terms. Plaintiff then entered into this agreement with the benefit of counsel: Oasis required that plaintiff's attorney acknowledge the agreement by signature. The initial amount requested by plaintiff and advanced by Oasis was $3,000.00, with a maximum repayment amount of $10,500.00. As such, alleged damages arising from "disputes, claims or other proceedings arising out of or relating to this Purchase Agreement" would be within the scope of these amounts. Therefore, we do not agree that a claim for damages arising from this contract in Cook County, Illinois would be unreasonable and unfair. *Appliance Sales & Serv.*, 115 N.C. App. at 22, 443 S.E.2d at 789; *see also, M/S Bremen*, 407 U.S. at 16, 32 L. Ed. 2d at 524 ("Of course, where it can be said with reasonable assurance that at the time they entered the contract, the parties to a freely negotiated . . . agreement contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable."). As to the trial court's assertion that the "enforcement of a forum selection clause in a contract which may itself ultimately be found to be void on public policy grounds would be unreasonable and unfair," we note the validity of the contract at issue is to be determined by the forum. Here, the forum selection clause mandates Cook County, Illinois, as the exclusive venue for all disputes arising from the purchase agreement, while North Carolina law will be applied to govern the dispute, including the valid-

ity of the contract. Accordingly, we reverse the judgment of the trial court and remand to that court for the purpose of granting defendant's motion to dismiss for improper venue.

Reversed and remanded.

Judges HUNTER, Robert C., and McCULLOUGH concur.